UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

GERALD LEGARDE WARNER,

Plaintiff,

v.

CITY OF MOSCOW, IDAHO, Police Officers and Code Enforcement Officers et al.,

Defendants.

Case No. 2:25-cv-00643-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

On November 10, 2025, Gerald Warner filed this lawsuit. Dkt. 1. Except for Steve Brandt,[1] all Defendants are represented by the same counsel and jointly filed an Answer (Dkt. 3) and a Motion for Summary Judgment (Dkt. 9). Warner responded. Dkt. 13. The Defendants replied to Warner's response. Dkt. 14.

Having reviewed the record and briefs, the Court finds the facts and legal arguments to be adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motions without oral argument. Dist. Idaho Loc. Civ.

[1] To date, Brandt has not appeared—personally or via counsel.

R. 7.1(e)(1)(B). For the reasons stated below, the Court GRANTS the Motion for Summary Judgment.

## II. BACKGROUND

On August 6, 2019, Alan Johnson, a City of Moscow Code Enforcement Officer, received a complaint about "junk vehicles" and "noxious weeds" located at Warner's residence in Moscow, Idaho. Dkt. 9-7, at 4. Johnson unsuccessfully attempted to contact Warner, leaving behind a courtesy warning and copy of the City code at Warner's residence. *Id.* Later that day, Warner called Johnson and told him officers cannot enter his property, and he can do whatever he likes with the vehicles. *Id.*

Johnson returned to Warner's residence on September 5, 2019, after receiving another report about the vehicles. *Id.* at 5. Johnson told Warner he "would work with him as long as he showed improvement" in either eliminating his junk vehicles or making them operational. *Id.* Johnson continued to contact Warner regarding the vehicles with varying levels of success (*Id.* at 5–10), and on January 3, 2020, the Moscow Police Department towed one of the vehicles. Dkt. 9-2, at 2.

On January 6, 2020, Officer Gary Stedman and another officer served Warner with a court summons. Dkt. 1, at 8. After Warner's initial appearance in court, he claims to have received little-to-no information concerning the case until June 2020 when city attorney Elizabeth Warner ("City Attorney") offered to dismiss the case if he paid the towing fee. *Id.* Warner does not indicate whether he agreed to those terms, but he alleges the City Attorney said she would call him back with more information and never did. Dkt. 13, at 7. More than two years later, in July 2022, Officer Scott Springer contacted Warner and

informed him he could retrieve the vehicle that had previously been towed without paying any fees. Dkt. 1, at 9. Warner then learned the case had long ago been dismissed without his knowledge and without word from the City Attorney. *Id.* He retrieved the vehicle on August 15, 2022. Dkt. 9-2, at 2.

As time passed, Warner continually failed to bring the vehicles up to code. On January 24, 2023, the Moscow Police Department served Warner with notice that four of the vehicles would be removed if he took no action. Dkt. 9-9. Warner signed each notice, indicating receipt. *Id.* A City of Moscow Police Officer returned on May 17, 2023, and gave Warner final notice his vehicles would be removed after seven days if he failed to comply with the notice. Dkt. 9-10. On May 25, 2023, Shaine Gunderson of the Moscow Police Department towed the vehicles. Dkt. 9-4, at ¶¶ 4–5.

Warner's Complaint was filed on November 10, 2025. Dkt. 1. In the Complaint, Warner raises claims under 42 U.S.C. § 1983. *Id*. at 11. He asserts the Defendants violated his Fourth and Fourteenth Amendment rights by seizing and towing the vehicles. *Id*.[2] Defendants moved for summary judgment on all Warner's claims based upon the statute of limitations and immunity. *See generally* Dkt. 9. In response, Warner acknowledges the lateness of his filing but argues the doctrines of equitable tolling and equitable estoppel justify the lateness. *Id.* at 11–12.

[2] Warner also seeks relief based on a claim that Johnson violated 18 U.S.C. § 1725 by placing mailable matter in Warner's mailbox without postage. Dkt. 13, at 2. Because a violation of § 1725 is a criminal offense, Warner cannot obtain relief on that claim in this case even if the alleged violation was proven. As such, the Court will not formerly address this claim in its analysis.

## III. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation modified). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.*

To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation modified). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

### B. 42 U.S.C. § 1983

Section 1983 provides a cause of action for civil rights violations. To state a plausible § 1983 claim, a plaintiff must allege that a person acted under color of state law,

and that the person's act proximately caused a violation of rights protected by the Constitution or a federal statute. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To bring a § 1983 claim against a municipal entity (a "*Monell* claim"), a plaintiff must allege that the entity's official policy or unofficial custom caused the plaintiff's injury. *See Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). *Monell* claims cannot stand if they "lack any factual allegations that would separate them from the formulaic recitation of a cause of action's elements deemed insufficient by" the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation modified).

"[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022). Under Idaho state law, the statute of limitations for personal injury actions is two years. Idaho Code § 5-219(4). "Although [state] law determines the *length* of the limitations period, federal law determines when a civil rights claim *accrues*." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). "Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues when the plaintiff knows or has reason to

know of the injury which is the basis of the action." *Id.* (citation modified).

**C. Statute of Limitations**

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *see also Wallace v. Kato*, 549 U.S. 384, 394 (2007) ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations."). "Statutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Independent School Dist. of Boise City v. Callister*, 539 P.2d 987, 991 (Idaho 1975).

Under Idaho law, "[t]he doctrine of equitable estoppel serves as a bar to a statute of limitations defense under certain circumstances." *Gomersall v. St. Luke's Reg'l Med. Ctr.*, 483 P.3d 365, 378 (Idaho 2021). To do so, the party invoking equitable estoppel must show:

> (1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth;
> (2) that the party asserting estoppel did not know or could not discover the truth;
> (3) that the false representation or concealment was made with the intent that it be relied upon; and
> (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice.

*Id*. at 378. Further, "[e]quitable estoppel is based on the concept that it would be inequitable to allow a person to induce reliance by taking a certain position and, thereafter, take an inconsistent position when it becomes advantageous to do so." *Regjovich v. First W. Invs.*, 997 P.2d 615, 619 (Idaho 2000). "Given this rationale, equitable estoppel cannot be

premised on a false representation or a concealment of a material fact by a *third party*[;]" it generally must be *a party to the case* who makes the false representation or concealment. *Brereton v. Marian*, 518 P.3d 385, 397 (Idaho Ct. App. 2022) (emphasis added) (citing *Regiovich*, 997 P.2d, at 619 and *Knudsen v. Agee*, 918 P.2d 1221, 1224 (Idaho 1996)) (holding that a third party's misrepresentation about respondent's address could not support equitable estoppel because the misrepresentation was not made by the respondent himself).

## IV. ANALYSIS

### A. Statute of Limitations

Warner's claims are barred by the applicable statute of limitations, and neither equitable tolling nor estoppel provides a basis for avoiding that bar.

Warner filed his Complaint on November 10, 2025, meaning his suit is only timely for acts occurring on or after November 10, 2023. But the date of his most recent injury occurred on May 25, 2023, when the Moscow Police towed his remaining vehicles. Dkt. 13, at 7. Thus, Warner initiated the action almost six months after the deadline. As such, the statute of limitations bars his claims. The Court next turns to Warner's equitable estoppel argument and explains why it fails.

Warner's first basis for equitable estoppel is that he "relied on the word of the [City Attorney] who told [Warner] . . . she would call back and she never did." *Id.* However, he fails to meet his burden in invoking equitable estoppel. First, the City Attorney's failure to notify Warner does not equate to concealment or misrepresentation; it is poor communication at worst. Warner alleges no facts which might show the City Attorney misrepresented or concealed any information concerning the court disposition. Second,

Warner could have easily discovered this information by calling the courthouse or looking up the status of his case online. Third, he does not allege any facts demonstrating the City Attorney intended Warner to materially rely on any of her statements. Fourth, he does not explain how he was prejudiced. This alleged injury arose in January 2020 when his vehicle was towed, and the court disposition does not change the date of injury nor the facts surrounding the incident. Success on the claims he brings are in no way contingent on the May 2020 disposition, and thus, he was not prejudiced by the City Attorney's alleged failure to notify him about it.

Even if Warner was able to successfully invoke equitable estoppel on these grounds, he received actual notice of the court disposition in July 2022. This means the statute of limitations would have begun in July 2022 and expired in July 2024, long before he filed the Complaint in November 2025.

Turning to Warner's second basis for equitable estoppel, he attributes the untimely filing of the Complaint to bad advice provided by his attorney at the time. He asserts the attorney, on his behalf, filed a notice of tort claim with the City of Moscow on November 21, 2023. *Id.* at 4. He states after filing the notice of tort claim "there were numerous discussions between [Warner] and his lawyer wherein [Warner] was told by [the attorney] that a Complaint would be drawn up and filed on [Warner's] behalf." *Id.* at 8. He alleges the attorney wrongly advised him the deadline for filing the instant Complaint would be November 25, 2025. *Id.*

As best the Court can surmise, the attorney was likely referring to Idaho Code Sections 6-906 and 6-911. First, § 6-906 mandates that all claims against an employee or

political subdivision of the State of Idaho must be filed with the clerk or secretary within 180 days from "the date the claim arose or reasonably should have been discovered, whichever is later." This is called a "Notice of Tort Claim." Section 6-911, in turn, provides that every claim against an employee or political subdivision is forever barred unless "an action is begun within two (2) years after the date the claim arose or reasonably should have been discovered, whichever is later." This is the applicable statute of limitations (which, as explained above, applies to the federal claims at issue in this case).

Because Warner's latest alleged harm occurred on May 25, 2023 (when the Moscow Police towed his remaining vehicles) his attorney filed the notice of tort claim within 180 days (on November 21, 2023). This was correct. However, such does not mean the two-year statute of limitations then runs from *that* date. The two-year statute of limitations runs from the May 25, 2023, date as well. Critically, a notice of tort claim and the statute of limitations are two separate things. *See Dodge v. Bonners Ferry Police Dep't*, 450 P.3d 298, 303 (Idaho 2019) ("Compliance with the Idaho Torts Claims Act's notice requirement is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate . . . . The notice requirement is in addition to the applicable statute of limitations.") (quoting *Cobbley v. City of Challis*, 59 P.3d 959, 962 (Idaho 2002)); *see also Lieteau*, 456 P.3d at 199 ("[F]iling a notice of tort claim is a separate procedural requirement from a statute of limitations" (citing *Osborn v. Salinas*, 958 P.2d 1142, 1144 (Idaho 1998))). As the Idaho Supreme Court recently held, the filing of a notice of tort claim *does not* toll the statute of limitations. *Bray v. Idaho Dep't of Juv. Corr.*, 564 P.3d 377, 385 (2025).

Candidly, the Court is skeptical of Warner's representations regarding what his former attorney told him. Most attorneys are well aware of the notice of tort claim requirements, the statute of limitations, and how these work together. All the Court has before it is Warner's self-serving hearsay statements about what his prior attorney told him. The Court finds this insufficient to carry the day on Warner's estoppel argument.

The bottom line is equitable estoppel does not apply because both statutes relate back to the date the claim arose, or when the claim should have reasonably been discovered. At the very latest, that was May of 2023. Thus, Warner's Complaint was late.

Although bad legal advice is unfortunate and often infuriating, it does not defeat the statute of limitations. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling . . . .").[3]

Finally, even if Warner could satisfy the *Gomersall* requirements, equitable estoppel would not apply because the attorney who allegedly gave incorrect legal advice is a third party to this case, not a defendant. *See Brereton*, 518 P.3d at 397.

Equitable tolling does not apply because § 1983 contains no express tolling provision. Accordingly, the doctrine of equitable tolling cannot save Warner's untimely claims from the statute of limitations.

Warner also asserts the COVID-19 pandemic and the death of his parents prevented

[3] Although the Supreme Court made this holding in a post-conviction habeas case, the same principle has been expressed in other contexts. *See, e.g.*, *Booth v. Carnival Corp*., 522 F.3d 1148 (11th Cir. 2008) ("[A]ttorney's simple neglect could not justify equitably tolling the applicable limitation period."); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (declining to toll statute of limitations on plaintiff's Title VII claim due to "what is at best a garden variety claim of excusable neglect" on the part of plaintiff's attorney); *cf. Fahmy v. Jay–Z*, 835 F.Supp.2d 783, 791 (C.D. Cal. 2011) ("Plaintiff . . . may not rely on alleged misrepresentations from his own agents . . . to toll the statute [of limitations] . . . .").

him from timely filing his claim. Dkt. 1, at 10. Although the Court is sympathetic to Warner, he has failed to allege specific facts explaining how those circumstances prevented him from timely filing the Complaint. Without such facts, Warner's claims cannot escape the statute of limitations.

For these reasons, the doctrines of equitable estoppel and equitable tolling do not save Warner's claims from the statute of limitations. As such, the statute of limitations bars his claims and the Motion for Summary Judgment must be granted.

**B. Prosecutorial Immunity**

Finally, Defendants Mia Bautista, Elizabeth Warner, and Reed Brevig are entitled to prosecutorial immunity and, as such, the claims against them are foreclosed.

"[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case . . . insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991). Warner alleges these Defendants failed to submit correct paperwork to the judge, misrepresented relevant dates, and failed to produce evidence. Dkt. 1, at 11; Dkt. 13, at 7–8. These Defendants may not be held liable for such claims because the alleged conduct is intimately associated with their prosecutorial roles within the judicial system, making them immune.

Because these claims concern conduct falling squarely in these Defendants' prosecutorial roles, they cannot proceed.

**C. *Monell* Claim**

For the reasons explained below, Warner fails to allege sufficient facts to support a cognizable *Monell* claim.

Warner's allegation against the City of Moscow is as follows:

> The City of Moscow is liable under 42 U.S.C. § 1983 because the constitutional deprivations were caused by the City's policies, customs, practices, or municipal policymaker decisions and by the City's deliberate indifference. Plaintiff alleges failure to train, supervise, investigate, and disciple personnel; policies or customs permitting seizures without lawful justification; failure to ensure timely filing and court notification; and inconsistent communications by City attorneys and agents that prevented recovery of property.

Dkt. 1, at 11.

Warner's claim is a mere recitation of the requirements set forth in *Monell*. He fails to allege facts establishing a causal connection between the named customs and practices and the alleged constitutional deprivation. He likewise fails to allege facts demonstrating the towing of his vehicles violated his constitutional rights. These deficiencies are fatal to his *Monell* claim.

Because Warner's *Monell* claim is a bare recitation of the elements, it is insufficient to create a genuine issue of fact and it cannot survive the Motion for Summary Judgment.

## V. CONCLUSION

Considering the procedural and substantive grounds outlined above, the Court GRANTS the Defendants' Motion for Summary Judgment.

///

///

///

## VI. ORDER

IT IS HEREBY ORDERED:

1. The Defendants' Motion for Summary Judgment (Dkt. 9) is GRANTED.
2. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: September 17, 2026

David C. Nye
U.S. District Court Judge